## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
### AT CHARLESTON



**CHERYL DEEANN ESTEP, Administratrix of the Estate of Stephen T. Estep, deceased and CHERYL DEEANN ESTEP, individually,**

**Plaintiff,**

v.

Civil Action No. _2 02 - 0051_

**SAINT FRANCIS HOSPITAL, affiliate of Columbia /HCA, HCA-THE HEALTH CARE COMPANY, LIFE TIMES CONNECTION, UNUM LIFE INSURANCE COMPANY OF AMERICA d/b/a UNUM LIFE INSURANCE COMPANY OF AMERICA, and CARELINK HEALTH PLANS, INC.,**

**Defendants.**

TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### <u>NOTICE OF REMOVAL</u>

Defendant Carelink Health Plans, Inc. ("Carelink"), by counsel, and pursuant to 28 U.S.C. § 1441 and 1446, hereby files this Notice of Removal of this action, which now is pending in the Circuit Court of Kanawha County, West Virginia, to the United States District Court for the Southern District of West Virginia, and states the following in support of this Notice:

1.       Carelink is named as defendant in a suit filed in the Circuit Court of Kanawha County, West Virginia, by Cheryl DeeAnn Estep, plaintiff, under the style <u>Cheryl</u>

DeeAnn Estep, Administratrix of the Estate of Stephen T. Estep, deceased and Cheryl DeeAnn Estep, individually v. Saint Francis Hospital, affiliate of Columbia/HCA, HCA- The Health Care Company, Life Times Connection, and UNUM Provident Corporation d/b/a UNUM Life Insurance Company of America, and Carelink Health Plans, Inc., Civil Action No. 01-C-3914.

2.     Charleston Hospital was served with the complaint on January 4, 2002. Carelink Health Plans, Inc., UNUMProvident Corp., HCA-The Health Care Company and Life Times Connection were each served with the Complaint on December 27, 2001. Removal is timely under 28 U.S.C. § 1446(b).

3.     This action is removable because plaintiff alleges a cause of action that is completely pre-empted by federal law. See 28 U.S.C. § 1331.

a.     In their complaint, plaintiff asserts, inter alia, that Carelink "refused and failed to pay the plaintiff's decedent's medical bills and expenses related to the treatment and care of his cancer." Complaint ¶ 27.   Moreover, plaintiff alleges that "the plaintiff's decedent . . . was an employee of the defendant, Saint Francis Hospital and the named insured on certain insurance policies, including but not limited to health insurance, life insurance and disability insurance provided through his employer and/or administered by the defendants . . ." Complaint ¶ 7.

b.     Because such claim is available, if at all, only under 29 U.S.C. § 1132(a) of the Employee Retirement Income Security Act ("ERISA"), this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. See Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).   Accordingly, removal of this action to this Court is proper under 28 U.S.C. § 1441(a).

5.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon defendant and a certified copy of the docket sheet from the Circuit Court of Kanawha County, West Virginia, is attached as Exhibit 1.

6.     Contemporaneous with the filing of this Notice herein, defendant has given written notice hereto to plaintiffs and will file a copy of this Notice with the Clerk of the Circuit Court of Kanawha County, West Virginia.

WHEREFORE, defendant Carelink Health Plans, Inc. respectfully requests that this action be removed to the United States District for the Southern District of West Virginia, and that no further proceedings be held in the Circuit County of Kanawha County, West Virginia.

CARELINK HEALTH PLANS, INC.

By: SPILMAN THOMAS & BATTLE, PLLC

Eric W. Iskra  (WV State Bar No. 6611)
Grant P.H. Shuman (WV State Bar No. 8856)
P. O. Box 273
Charleston, WV 25321
(304) 340-3800

191507

3

CASE  01-C-3914                KANAWHA

CHERYL DEEANN ESTEP, ADMINISTR vs. SAINT FRANCIS HOSPITAL, AFFILI

| LINE | DATE | ACTION |
|---|---|---|
| 1 | 12/19/01 | # ISSUED SUM & 12 CPYS; F FEE; RANSON FOR P; CK; RCPT 331450 |
| 2 |  | # $85.00; CASE INFO SHEET; COMPLAINT |
| 3 | 12/21/01 | # AMD C; ISSUED SUM & 2 CPYS ON AMD C AS TO ST. FRANCIS HOSP. |
| 4 | 12/28/01 | # LET FR SS DTD 12/27/01; SUM W/RET (12/27/01 SS) AS TO CARELINK |
| 5 |  | # HEALTH PLANS |
| 6 | 12/28/01 | # LET FR SS DTD 12/27/01; SUM W/RET (12/27/01 SS) AS TO |
| 7 |  | # UNUMPROVIDENT CORP. |
| 8 | 01/02/02 | # 2ND AMD CASE INFO SHEET; ISSUED SUM & 12 CPYS ON 2ND AMD C |
| 9 | 01/08/02 | # LET FR SS DTD 1/4/02; SUM W/RET ON 2ND AMD C (1/4/02 SS) AS TO |
| 10 |  | # CHAS. HOSPITAL |
| 11 | 01/08/02 | # LET FR SS DTD 1/7/02; SUM W/RET (12/27/01 SS) AS TO HCA- |
| 12 |  | # THE HEALTH CARE CO. W/RMR |
| 13 | 01/08/02 | # LET FR SS DTD 1/7/02; SUM W/RET (12/27/01 SS) AS TO LIFE |
| 14 |  | # TIMES CONNECTION INC., W/RMR |

A TRUE COPY
TESTE: Cathy S. Watson
BO- CLERK
CIRCUIT COURT KANAWHA COUNTY, W.VA.


EXHIBIT
1



### State of West Virginia
*Joe Manchin, III*
*Secretary of State*

Secretary of State's Office
Building 1, Suite 157-K
1900 Kanawha Blvd., East
Charleston, WV 25305-0770

Telephone: (304) 558-6000
Corporations: (304) 558-8000
FAX: (304) 558-0900
wvsos@secretary.state.wv.us
www.state.wv.us/sos/

Cathy Gatson, Circuit Clerk
Kanawha County Courthouse
407 Virginia St., E.
Charleston, WV 25301-2500

## LEGAL NOTICE

December 27, 2001

Civil Action: 01-C-3914

I am enclosing:

| | | | |
|---|---|---|---|
| ___ | summons | _1_ | original |
| ___ | notice | ___ | affidavit |
| ___ | order | ___ | answer |
| ___ | petition | ___ | cross-claim |
| ___ | motion | ___ | counterclaim |
| ___ | interrogatories | ___ | request |
| ___ | suggestions | ___ | demand |
| ___ | subpoena duces tecum | ___ | default judgement |
| ___ | summons and complaint | ___ | complaint |
| ___ | 3rd party summons and complaint | ___ | notice of mechanic's lien |
| ___ | summons returned from post office | ___ | suggestee execution |
| ___ | certified return receipt | ___ | summons and amended complaint |

which was served on the Secretary at the State Capitol in his capacity as your statutory attorney-in-fact.
According to law, I have accepted service of process in the name and on behalf of Carelink Health Plans, Inc..

*Please note that this office has no connection whatsoever with the enclosed documents other than to accept service of process in your name and on your behalf as your attorney-in-fact. Please address any questions about these documents directly to the court or to the plaintiff's attorney, shown in the enclosed paper. Please, do not call the Secretary of State's office.*

Sincerely,

Vicki Haught
Supervisor



**SUMMONS**

Cheryl DeeAnn Estep, Administratrix of the
Estate of Stephen T. Estep, deceased and
Cheryl DeeAnn Estep, individually,

       Plaintiffs,

v.

                                 Civil Action No. 01-C- *3914*

Saint Francis Hospital, affiliate of Columbia/HCA,
HCA - The Health Care Company, Life Times
Connection, and UNUM Provident Corporation
d/b/a UNUM Life Insurance Company of America, and
Carelink Health Plans, Inc.,

       Defendants.

Carelink Health Plans, Inc.
c/o Shirley R. Smith
6705 Rockeldge Dr, Suite 900
Bethesda, MD 20817

**To the above-named Defendant:**

       IN THE NAME OF THE STATE OF WEST VIRGINIA, you are hereby summoned

and required to serve upon Cynthia M. Ranson, plaintiff's attorney, whose address is Post Office Box

3589, Charleston, West Virginia, 25336-3589, an answer, including any related counterclaim you

may have, to the complaint filed against you in the above-styled civil action, a true copy of which

is herewith delivered to you. You are required to serve your answer within 30 days after service of

this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default

will be taken against you for the relief demanded in the complaint and you will be thereafter barred

for asserting in another action any claim you may have which must be asserted by counterclaim in

the above-styled civil action.

Dated: _____ 12 | 19 | 01 _____

_____
Clerk of the Court

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Cheryl DeeAnn Estep, Administratrix of the
Estate of Stephen T. Estep, deceased and
Cheryl DeeAnn Estep, individually,

      Plaintiffs,

v.                      Civil Action No. 01-C-3914

Saint Francis Hospital, affiliate of Columbia/HCA
aka Charleston Hospital, Inc.
HCA - The Health Care Company, Life Times
Connection, and UNUM Provident Corporation
d/b/a UNUM Life Insurance Company of America, and
Carelink Health Plans, Inc.,

      Defendants

## AMENDED COMPLAINT

Comes now the plaintiff, Cheryl DeeAnn Estep, Administratrix of the Estate of Stephen T. Estep, deceased and Cheryl DeeAnn Estep, individually and for her complaint states as follows:

1. The defendant, Saint Francis Hospital (hereinafter "Saint Francis") is a corporation with its principal place of business in Charleston, Kanawha County, West Virginia and is an affiliate of Columbia/HCA and is also known as Charleston Hospital Inc.

2. The defendant, HCA - The Health Care Company (hereinafter "HCA") is a corporation with its principal place of business in Nashville, Tennessee and with affiliate companies conducting business across the United States

including but not limited to Charleston, Kanawha County, West Virginia.

3.      The defendant, Life Times Connection (hereinafter "Life Times") is a corporation with its principal place of business in Orlando, Florida, and serves as an out source company for the defendant, HCA - The Health Care Company - and conducts business in Charleston, West Virginia, specifically with and on behalf of Saint Francis Hospital and its employees.

4.      UNUM Provident Corporation d/b/a UNUM Life Insurance Company of America, (hereinafter "UNUM") is a corporation with its principal place of business in Portland, Maine and is transacting business in the State of West Virginia and is involved in the writing of insurance, including life insurance and disability insurance.

5.      Carelink Health Plans, Inc. (hereinafter "Carelink") is a corporation with its principal place of business in Charleston, West Virginia and is transacting business in the State of West Virginia and is involved in providing insurance including health and/or medical insurance.

6.      The Plaintiff, Cheryl Estep is the wife of Stephen Estep, deceased.

7.      At all times relevant herein, the plaintiff's decedent, Stephen Estep was an employee of the defendant, Saint Francis Hospital and the named insured on certain insurance policies, including but not limited to health insurance, life insurance and disability insurance provided through his employer and/or administered by the defendants, Life Time Connections, UNUM Life Insurance Company and Carelink Health Plans, Inc.

8.    The plaintiff, Stephen Estep was the named insured on UNUM Policy No. 552687 00.

9.    The subject policy was in effect from January 1, 2001 to and including January 1, 2002.

10.   That on or about January 1, 2001, Stephen Estep filed a Family Medical Leave Request with his employer, Saint Francis Hospital due to symptoms of the renal cell carcinoma from which he was suffering.

11.   That on or about January 19, 2001, Robbie Miller, Human Resources Generalist for Saint Francis Hospital approved Stephen Estep's request for Family Medical Leave.

12.   That Stephen Estep's Family Medical Leave from Saint Francis Hospital was to begin on January 3, 2001 and end on March 28, 2001.

13.   That in his letter of January 19, 2001, Robbie Miller, Human Resources Generalist for Saint Francis Hospital advised Stephen Estep that, if necessary, he may request a three month leave of absence after his Family Medical Leave expired.

14.   That from January 3, 2001 to March 28, 2001, Stephen Estep continued to be an employee of the defendant, Saint Francis Hospital.

15.   That on March 12, 2001, and due to health conditions which were considered terminal, the plaintiff's decedent, Stephen Estep, requested a three month extension of his Family Medical Leave from Saint Francis Hospital.

16.   That on March 16, 2001, Robbie Miller, Human Resources Generalist for

Saint Francis Hospital approved Stephen Estep's request for personal leave of absence.

17.    That Stephen Estep's extended leave of absence from Saint Francis Hospital was to begin on March 29, 2001 and end on June 29, 2001.

18.    That from January 3, 2001 to the time of this death, co-workers of Stephen Estep donated personal leave to him in order that he would not forego his pay check from the defendant, Saint Francis Hospital.

19.    That premiums for health insurance, life insurance and disability insurance were deducted by the defendant, Saint Francis Hospital from each of Stephen Estep's pay checks until the time of his death.

20.    That the plaintiff's decedent, Stephen Estep paid the premiums related to his health insurance,  life insurance and disability, which premiums were received and accepted by Saint Francis Hospital and/or HCA; that in the payment thereof, the plaintiff's decedent met all his contractual obligations with respect to issuance of the aforesaid insurance coverages; that said insurance policies were in effect on the date certain medical services were rendered and/or on the dates of the Stephen Estep's illness and at the time of the plaintiff's decedent's death.


21.    That Stephen Estep died on June 23, 2001 from cardio respiratory arrest due to renal cell carcinoma.

22.    That from January 3, 2001 until June 23, 2001, Stephen Estep continued to be an employee of  the defendant, Saint Francis Hospital.

23.  At all times relevant hereto, the plaintiff's decedent, had a reasonable expectation of being provided life insurance coverage and health insurance coverage from said defendants and was entitled to full benefits provided thereunder.

24.  That following the death of her decedent, the plaintiff filed a claim for life insurance with the defendants, Saint Francis Hospital, Life Time Connections and UNUM.

25.  That life insurance premiums were paid by Stephen Estep via a payroll deduction for life insurance benefits in the amount of $75,000.00.

26.  That although a claim for life insurance benefits has been made by Cheryl DeeAnn Estep, the defendants, Saint Francis Hospital, HCA, UNUM and Life Time Connections have refused and failed to pay said life insurance proceeds.

27.  That prior to the death of Stephen Estep and following his death, the defendant, Carelink refused and failed to pay the plaintiff's decedent's medical bills and expenses related to the treatment and care of his cancer.

28.  The defendants, Saint Francis Hospital and HCA have breached their respective duties to provide the plaintiff's decedent with the life and health insurance for which he paid premiums via a payroll deduction to said defendants.

29.  That the defendants, UNUM, Life Time and Carelink have failed to settle and/or pay the claim of its insured, Stephen Estep and have therefore

breached their respective duties to the plaintiff's decedent.

30.    That prior to the plaintiff retaining the services of an attorney, the defendants refused and continue to refuse to provide the plaintiff with the insurance proceeds to which she and her decedent were legally entitled to receive under the express terms of their policies of insurance.

31.    That the defendants, UNUM, Life Time and Carelink failed to timely adjust plaintiff's decedent's health insurance claim and life insurance claim; failed to timely honor the plaintiff's claims under said insurance contracts, and, prior to the plaintiff's retaining legal counsel, failed to pay any sums to said plaintiff or the plaintiff's decedent.

32.    That the issuance of the said insurance contracts by UNUM, Life Time and Carelink to the plaintiff's decedent created a contractual relationship between said defendants and the plaintiff's decedent, thereby subjecting said defendants to the implied-in-law duty to act fairly and in good faith in order to not deprive the plaintiff's decedent of the benefits of the insurance contracts.

33.    That the said defendants acted willfully, maliciously, fraudulently, and intentionally in refusing to consider the nature and in refusing timely pay plaintiff's decedent's claims for various coverages, without valid cause; and that this was done knowingly, intentionally and with the purpose of discouraging, avoiding or reducing the payment due plaintiff and plaintiff's decedents under the terms of the policies.

34.    That said defendants' intentional refusal to timely pay plaintiff's valid claims is a breach of the implied in-law duty of good faith and fair dealing

and operated to unreasonable deprive plaintiffs of the benefits of the insurance policies; and that the defendants intentional refusal to timely pay plaintiff's valid claims is in conspiracy and concert and the conduct of each of said defendants in intentionally refusing to timely pay plaintiff's valid claim was malicious, fraudulent, oppressive and otherwise reflected a conscious disregard of plaintiff's rights.

35.    That the action of the defendants, jointly and severally, in refusing to timely pay under said policies, and in denying plaintiffs' coverage and in doing the things herein and hereafter complained of, and in otherwise repudiating and breaching said insurance contracts and, more specifically, the implied covenants of good faith and fair dealing embodied therein, have been negligent, reckless, tortious, fraudulent, deceptive, defiant, intentional, willful, wanton and deliberate.

36.    That as a direct and proximate result thereof, the plaintiff has suffered, and will suffer in the future, inconvenience, annoyance and aggravation; that the plaintiff, Cheryl Estep's credit has been impaired; that the plaintiffs' contract rights have been tortiously interfered with; that the plaintiff will be required to incur expenses in the future in an amount yet undetermined; that the plaintiff has and will incur substantial attorney fees and expenses in this litigation which, if paid by her will substantially reduce the sum to which she and her decedent are rightfully entitled under their contracts of insurance.

37.    The defendants, UNUM, Life Time and Carelink, have committee the tort

of bad faith by breaching their duty to deal fairly and in good faith with its own insured, the plaintiff's decedent, Stephen Estep.

38.    The defendant, UNUM, Life Time and Carelink, have breached their covenant of good faith and fair dealing as to the claim of its insured, the plaintiff's decedent, Stephen Estep, thereby breaching the aforementioned contracts of insurance.

39.    The defendants, UNUM, Life Time and Carelink, in doing the acts and actions complained of herein repeatedly and with frequency violated the laws of the State of West Virginia, and, more specifically, West Virginia Code 33-11-1, et seq., and relating to deceptive and unfair trade practices including, but not limited to, unfair claims settlement practices, and particularly 33-11-4(9), Sections (a), (b), (c), (d), (f), (g), (l), (n) and (o).

40.    As a direct and proximate result of the foregoing, the plaintiff, Cheryl Estep as Administratrix of the Estate of Stephen Estep and Cheryl Estep, individually, has suffered and will continue to suffer injuries and damages, including but not limited to the following: delay, expenses, interest, aggravation, emotional and psychological distress, attorney fees, costs of litigation, and filing fees.

41.    That in doing the acts and actions complained of, defendants have deliberately and intentionally caused the plaintiff intentional suffering, annoyance, inconvenience and distress so as to bring said acts and actions within the concept known as "tort of outrage

42.    That in doing the acts and actions complained of hereinabove, the

defendants, jointly and severally, acted willfully, wantonly and maliciously and with a malicious intention to injure or defraud the plaintiffs herein.

43.    That in doing the acts and omissions complained of as hereinbefore set forth, the defendants violated the Rules and Regulations of the Insurance Commissioner of the State of West Virginia and, more specifically, Title 114, Series XIV - 1981, Unfair Trade Practices relating to deceptive practices, and particularly, but not limited to, Sections 4.1, 4.2, 5.1, 5.3, 5.4, 6.1, 6.2, 6.3, and 6.5 thereof.

WHEREFORE, the Plaintiff, Cheryl Estep as Administratrix of the Estate of Stephen Estep and Cheryl Estep, individually demands judgment jointly and severally against the defendants for punitive, compensatory and general damages in an amount to be set by the jury or the Court, along with prejudgment interest on all items of ascertainable pecuniary loss up to and including the date of trial or payment of same, attorney fees and costs included in the attempt to procure payment of the benefits due under the insurance policy and in the prosecution of this action any other relief the Court finds that is equitable or allowed by law.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**Cheryl DeeAnn Estep, Administratrix of the Estate of Stephen T. Estep, deceased and Cheryl DeeAnn Estep, individually**

By Counsel

Cynthia M. Ranson - W.V. State Bar ID #4983
Ranson Law Offices
1711 Bank One Center
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304)345-1990
Counsel for plaintiff

## IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

Cheryl DeeAnn Estep, Administratrix of the
Estate of Stephen T. Estep, deceased and
Cheryl DeeAnn Estep, individually,

        Plaintiffs,

v.                                      Civil Action No. 01-C-3914

Charleston Hospital, Inc., d/b/a St. Francis Hospital, Inc.,
HCA - The Health Care Company, Life Times
Connection, and UNUM Provident Corporation
d/b/a UNUM Life Insurance Company of America, and
Carelink Health Plans, Inc.,

        Defendants

## Second A M E N D E D   C O M P L A I N T

Comes now the plaintiff, Cheryl DeeAnn Estep, Administratrix of the Estate of Stephen T. Estep, deceased and Cheryl DeeAnn Estep, individually and for her complaint states as follows:

1.      The defendant, Saint Francis Hospital, Inc. (hereinafter "Saint Francis") is a corporation with its principal place of business in Charleston, Kanawha County, West Virginia and is an affiliate of Columbia/HCA and is also known as Charleston Hospital Inc.

2.      The defendant, HCA - The Health Care Company (hereinafter "HCA") is a corporation with its principal place of business in Nashville, Tennessee and with affiliate companies conducting business across the United States

including but not limited to Charleston, Kanawha County, West Virginia.

3.      The defendant, Life Times Connection (hereinafter "Life Times") is a corporation with its principal place of business in Orlando, Florida, and serves as an out source company for the defendant, HCA - The Health Care Company - and conducts business in Charleston, West Virginia, specifically with and on behalf of Saint Francis Hospital and its employees.

4.      UNUM Provident Corporation d/b/a UNUM Life Insurance Company of America, (hereinafter "UNUM") is a corporation with its principal place of business in Portland, Maine and is transacting business in the State of West Virginia and is involved in the writing of insurance, including life insurance and disability insurance.

5.      Carelink Health Plans, Inc. (hereinafter "Carelink") is a corporation with its principal place of business in Charleston, West Virginia and is transacting business in the State of West Virginia and is involved in providing insurance including health and/or medical insurance.

6.      The Plaintiff, Cheryl Estep is the wife of Stephen Estep, deceased.

7.      At all times relevant herein, the plaintiff's decedent, Stephen Estep was an employee of the defendant, Saint Francis Hospital and the named insured on certain insurance policies, including but not limited to health insurance, life insurance and disability insurance provided through his employer and/or administered by the defendants, Life Time Connections, UNUM Life Insurance Company and Carelink Health Plans, Inc.

8.    The plaintiff, Stephen Estep was the named insured on UNUM Policy No. 552687 00.

9.    The subject policy was in effect from January 1, 2001 to and including January 1, 2002.

10.   That on or about January 1, 2001, Stephen Estep filed a Family Medical Leave Request with his employer, Saint Francis Hospital due to symptoms of the renal cell carcinoma from which he was suffering.

11.   That on or about January 19, 2001, Robbie Miller, Human Resources Generalist for Saint Francis Hospital approved Stephen Estep's request for Family Medical Leave.

12.   That Stephen Estep's Family Medical Leave from Saint Francis Hospital was to begin on January 3, 2001 and end on March 28, 2001.

13.   That in his letter of January 19, 2001, Robbie Miller, Human Resources Generalist for Saint Francis Hospital advised Stephen Estep that, if necessary, he may request a three month leave of absence after his Family Medical Leave expired.

14.   That from January 3, 2001 to March 28, 2001, Stephen Estep continued to be an employee of the defendant, Saint Francis Hospital.

15.   That on March 12, 2001, and due to health conditions which were considered terminal, the plaintiff's decedent, Stephen Estep, requested a three month extension of his Family Medical Leave from Saint Francis Hospital.

16.   That on March 16, 2001, Robbie Miller, Human Resources Generalist for

Saint Francis Hospital approved Stephen Estep's request for personal leave of absence.

17.    That Stephen Estep's extended leave of absence from Saint Francis Hospital was to begin on March 29, 2001 and end on June 29, 2001.

18.    That from January 3, 2001 to the time of this death, co-workers of Stephen Estep donated personal leave to him in order that he would not forego his pay check from the defendant, Saint Francis Hospital.

19.    That premiums for health insurance, life insurance and disability insurance were deducted by the defendant, Saint Francis Hospital from each of Stephen Estep's pay checks until the time of his death.

20.    That the plaintiff's decedent, Stephen Estep paid the premiums related to his health insurance, life insurance and disability, which premiums were received and accepted by Saint Francis Hospital and/or HCA; that in the payment thereof, the plaintiff's decedent met all his contractual obligations with respect to issuance of the aforesaid insurance coverages; that said insurance policies were in effect on the date certain medical services were rendered and/or on the dates of the Stephen Estep's illness and at the time of the plaintiff's decedent's death.

21.    That Stephen Estep died on June 23, 2001 from cardio respiratory arrest due to renal cell carcinoma.

22.    That from January 3, 2001 until June 23, 2001, Stephen Estep continued to be an employee of the defendant, Saint Francis Hospital.

23.   At all times relevant hereto, the plaintiff's decedent, had a reasonable expectation of being provided life insurance coverage and health insurance coverage from said defendants and was entitled to full benefits provided thereunder.

24.   That following the death of her decedent, the plaintiff filed a claim for life insurance with the defendants, Saint Francis Hospital, Life Time Connections and UNUM.

25.   That life insurance premiums were paid by Stephen Estep via a payroll deduction for life insurance benefits in the amount of $75,000.00.

26.   That although a claim for life insurance benefits has been made by Cheryl DeeAnn Estep, the defendants, Saint Francis Hospital, HCA, UNUM and Life Time Connections have refused and failed to pay said life insurance proceeds.

27.   That prior to the death of Stephen Estep and following his death, the defendant, Carelink refused and failed to pay the plaintiff's decedent's medical bills and expenses related to the treatment and care of his cancer.

28.   The defendants, Saint Francis Hospital and HCA have breached their respective duties to provide the plaintiff's decedent with the life and health insurance for which he paid premiums via a payroll deduction to said defendants.

29.   That the defendants, UNUM, Life Time and Carelink have failed to settle and/or pay the claim of its insured, Stephen Estep and have therefore

breached their respective duties to the plaintiff's decedent.

30.     That prior to the plaintiff retaining the services of an attorney, the defendants refused and continue to refuse to provide the plaintiff with the insurance proceeds to which she and her decedent were legally entitled to receive under the express terms of their policies of insurance.

31.     That the defendants, UNUM, Life Time and Carelink failed to timely adjust plaintiff's decedent's health insurance claim and life insurance claim; failed to timely honor the plaintiff's claims under said insurance contracts, and, prior to the plaintiff's retaining legal counsel, failed to pay any sums to said plaintiff or the plaintiff's decedent.

32.     That the issuance of the said insurance contracts by UNUM, Life Time and Carelink to the plaintiff's decedent created a contractual relationship between said defendants and the plaintiff's decedent, thereby subjecting said defendants to the implied-in-law duty to act fairly and in good faith in order to not deprive the plaintiff's decedent of the benefits of the insurance contracts.

33.     That the said defendants acted willfully, maliciously, fraudulently, and intentionally in refusing to consider the nature and in refusing timely pay plaintiff's decedent's claims for various coverages, without valid cause; and that this was done knowingly, intentionally and with the purpose of discouraging, avoiding or reducing the payment due plaintiff and plaintiff's decedents under the terms of the policies.

34.     That said defendants' intentional refusal to timely pay plaintiff's valid claims is a breach of the implied in-law duty of good faith and fair dealing

and operated to unreasonable deprive plaintiffs of the benefits of the insurance policies; and that the defendants intentional refusal to timely pay plaintiff's valid claims is in conspiracy and concert and the conduct of each of said defendants in intentionally refusing to timely pay plaintiff's valid claim was malicious, fraudulent, oppressive and otherwise reflected a conscious disregard of plaintiff's rights.

35.     That the action of the defendants, jointly and severally, in refusing to timely pay under said policies, and in denying plaintiffs' coverage and in doing the things herein and hereafter complained of, and in otherwise repudiating and breaching said insurance contracts and, more specifically, the implied covenants of good faith and fair dealing embodied therein, have been negligent, reckless, tortious, fraudulent, deceptive, defiant, intentional, willful, wanton and deliberate.

36.     That as a direct and proximate result thereof, the plaintiff has suffered, and will suffer in the future, inconvenience, annoyance and aggravation; that the plaintiff, Cheryl Estep's credit has been impaired; that the plaintiffs' contract rights have been tortiously interfered with; that the plaintiff will be required to incur expenses in the future in an amount yet undetermined; that the plaintiff has and will incur substantial attorney fees and expenses in this litigation which, if paid by her will substantially reduce the sum to which she and her decedent are rightfully entitled under their contracts of insurance.

37.     The defendants, UNUM, Life Time and Carelink, have committee the tort

of bad faith by breaching their duty to deal fairly and in good faith with its own insured, the plaintiff's decedent, Stephen Estep.

38.    The defendant, UNUM, Life Time and Carelink, have breached their covenant of good faith and fair dealing as to the claim of its insured, the plaintiff's decedent, Stephen Estep, thereby breaching the aforementioned contracts of insurance.

39.    The defendants, UNUM, Life Time and Carelink, in doing the acts and actions complained of herein repeatedly and with frequency violated the laws of the State of West Virginia, and, more specifically, West Virginia Code 33-11-1, et seq., and relating to deceptive and unfair trade practices including, but not limited to, unfair claims settlement practices, and particularly 33-11-4(9), Sections (a), (b), (c), (d), (f), (g), (l), (n) and (o).

40.    As a direct and proximate result of the foregoing, the plaintiff, Cheryl Estep as Administratrix of the Estate of Stephen Estep and Cheryl Estep, individually, has suffered and will continue to suffer injuries and damages, including but not limited to the following: delay, expenses, interest, aggravation, emotional and psychological distress, attorney fees, costs of litigation, and filing fees.

41.    That in doing the acts and actions complained of, defendants have deliberately and intentionally caused the plaintiff intentional suffering, annoyance, inconvenience and distress so as to bring said acts and actions within the concept known as "tort of outrage

42.    That in doing the acts and actions complained of hereinabove, the

defendants, jointly and severally, acted willfully, wantonly and maliciously and with a malicious intention to injure or defraud the plaintiffs herein.

43.     That in doing the acts and omissions complained of as hereinbefore set forth, the defendants violated the Rules and Regulations of the Insurance Commissioner of the State of West Virginia and, more specifically, Title 114, Series XIV - 1981, Unfair Trade Practices relating to deceptive practices, and particularly, but not limited to, Sections 4.1, 4.2, 5.1, 5.3, 5.4, 6.1, 6.2, 6.3, and 6.5 thereof.

WHEREFORE, the Plaintiff, Cheryl Estep as Administratrix of the Estate of Stephen Estep and Cheryl Estep, individually demands judgment jointly and severally against the defendants for punitive, compensatory and general damages in an amount to be set by the jury or the Court, along with prejudgment interest on all items of ascertainable pecuniary loss up to and including the date of trial or payment of same, attorney fees and costs included in the attempt to procure payment of the benefits due under the insurance policy and in the prosecution of this action any other relief the Court finds that is equitable or allowed by law.

PLAINTIFF DEMANDS A TRIAL BY JURY.

**Cheryl DeeAnn Estep, Administratrix of the Estate of Stephen T. Estep, deceased and Cheryl DeeAnn Estep, individually**

By Counsel

Cynthia M. Ranson - W.V. State Bar ID #4983
Ranson Law Offices
1711 Bank One Center
Post Office Box 3589
Charleston, West Virginia 25336-3589
(304)345-1990
Counsel for plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT CHARLESTON

**CHERYL DEEANN ESTEP, Administratrix of
the Estate of Stephen T. Estep, deceased and
CHERYL DEEANN ESTEP, individually,**

        **Plaintiff,**

**v.**                                        **Civil Action No. _____**

**SAINT FRANCIS HOSPITAL, affiliate of
Columbia /HCA, HCA-THE HEALTH CARE
COMPANY, LIFE TIMES CONNECTION,
UNUM LIFE INSURANCE COMPANY OF
AMERICA d/b/a UNUM LIFE INSURANCE
COMPANY OF AMERICA, and CARELINK
HEALTH PLANS, INC.,**

        **Defendants.**

### CERTIFICATE OF SERVICE

        I, Eric W. Iskra, do hereby certify that I have served a true and exact copy of the foregoing "Notice of Removal" upon the following counsel of record by depositing the same in the United States mail, postage prepaid, on this _18_ day of January 2002, addressed as follows:

> Cynthia M. Ranson
> Ranson Law Offices
> 1711 Bank One Center
> P. O. Box 3589
> Charleston, WV  25336-3589
> *Counsel for Plaintiffs*

                          *Eric W Dotson /gphs*
                                    Eric W. Iskra

4